UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL B. WHITE,

        Appellant,

v.

JPMORGAN CHASE BANK N.A.,

        Appellee.
_____/

Case No. 1:22-cv-11443

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL**

Appellant Michael B. White is a Chapter 7 debtor who previously leased rights from then-owners Stuart and Bonnie Thornton to extract sand and gravel from 1821 Ambrose Road, Maryville, MI 48744. Appellee foreclosed the Thorntons' mortgage on the Ambrose Road Property and then sold it to Defendants Michael and Elizabeth Riness.[1] During Appellant's bankruptcy proceedings, the Chapter 7 Trustee abandoned Appellant's interest in the lease.

But Appellant asserts his right under the lease to extract and to mine gravel and sand from the Ambrose Road Property survived the foreclosure. Despite extensive litigation and ongoing appeals in the Michigan state courts on that issue, Appellant initiated this adversary proceeding in November 2021, alleging he is entitled to extract and to mine from the Ambrose Road Property under the lease. Appellee filed a motion to dismiss Appellant's complaint, which the bankruptcy court granted in part. The bankruptcy court also stayed the case pending resolution of the same issues that are currently before the Michigan Court of Appeals.

---

[1] Michael and Elizabeth Riness are Defendants in the underlying bankruptcy court proceeding but are not among the appellees in this appeal.

At issue here is whether the bankruptcy court's order is a final order appealable under 28 U.S.C. § 158(a).

I.

In November 2021, Appellant Michael B. White initiated an adversary proceeding[2] against Michael Riness, Elizabeth Riness, and Appellant JPMorgan Chase Bank in the United States Bankruptcy Court for the Eastern District of Michigan by filing a 12-count complaint. Comp., *White v. Riness*, No. 21-02033 (Bankr. E.D. Mich. Nov. 1, 2021), ECF No. 1. In February 2022, Appellee filed a motion to dismiss Appellant's complaint. Motion to Dismiss, *White v. Riness*, No. 21-02033 (Bankr. E.D. Mich. Feb. 10, 2022), ECF No. 50.

The bankruptcy court partially granted Appellee's motion to dismiss. *See In re White*, No. 13-21977-dob, 2022 WL 1438054, at *10 (Bankr. E.D. Mich. May 5, 2022). The bankruptcy court said it would "revisit" the denial and "address the issuance of an injunction after the Michigan appellate process is completed." *Id*.

Thirteen days later, Appellant filed a "Motion for Clarification and Reconsideration." *See* Mot., *White v. Riness*, No. 21-02033 (Bankr. E.D. Mich. May 18, 2022), ECF No. 86. In addition to reconsideration, the Motion requested an order to correspond with the May 5, 2022 opinion and clarification about whether the decision was a final appealable order. *Id*.

Five days later, the bankruptcy court issued an order addressing Plaintiff's Motion. *See* Order, *White v. Riness*, No. 21-02033 (Bankr. E.D. Mich. May 23, 2022), ECF No. 88. The order directed the parties to submit proposed orders and—rather than clarify whether the order was a final order—noted that such a "determination is made by reference to [28] U.S.C. § 158(1), Federal

---

[2] The relevant adversary proceeding was brought in Appellant's Chapter 7 bankruptcy case, which has remained open at the United States Bankruptcy Court for the Eastern District of Michigan since it was initiated in 2013.

Rules of Bankruptcy Procedure, and applicable law. Plaintiff has demonstrated his capability to make such determinations for himself." *Id*. (cleaned up).

After both parties submitted proposed orders, the bankruptcy court issued an order, partially granting Appellee's motion to dismiss. Order, *White v. Riness*, No. 21-02033 (Bankr. E.D. Mich. June 10, 2022), ECF No. 92. The order also stayed the case pending the Michigan Court of Appeals's decision. *Id*.

Eighteen days later, Appellant filed a notice of appeal in this Court. ECF No. 1. Soon after, Appellee filed a motion to dismiss the appeal, contending the June 10, 2022 order was not a final order appealable under 28 U.S.C. § 158(a). ECF No. 4.

**II.**

Parties may appeal by right from "final judgments, orders, and decrees" of bankruptcy courts "in cases and proceedings." 28 U.S.C. § 158(a). Congress's use of the word "proceedings" in § 158(a) makes bankruptcy-court orders immediately appealable "if they finally dispose of discrete disputes within the larger [bankruptcy] case."[3] *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quoting *Howard Delivery Srv., Inc. v. Zurich Am. Ins.*, 547 U.S. 651, 657 n.3 (2006)).

**III.**

Appellee contends the bankruptcy court's June 10, 2022 order is not a final order. ECF No. 4 at PageID.18. Appellant asserts it is. *See* ECF No. 7 at PageID.1097–99.

In the Sixth Circuit, a bankruptcy-court order is immediately appealable under 28 U.S.C. § 158(a)(1) if it was (1) entered in a proceeding and (2) terminated that proceeding. *See In re*

---

[3] Bankruptcy-court proceedings differ from traditional litigation in that bankruptcy cases involve "an aggregation of individual controversies" that exist independent of the larger bankruptcy case. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020).

*Jackson Masonry, LLC*, 906 F.3d 494, 497–98 (6th Cir. 2018), *aff'd sub. nom. Ritzen Grp.*, 140 S. Ct. 582 (2020).[4]

An adversary proceeding, as here, is "the archetypical example" of "a proceeding" under § 158(a)(1). *Id.* at 500. The June 10, 2022 order was entered in an adversary proceeding. Therefore, it satisfies the first prong of the *In re Jackson* analysis.

But the June 10, 2022 order does not satisfy the second prong of the *In re Jackson* analysis because it only partially disposed of Appellant's claims and did not terminate the entire adversary proceeding. In the Sixth Circuit, a bankruptcy-court order that disposes of only some claims within an adversary proceeding is not a final order. *In re Woodberry*, No. 21-1043, 2021 WL 6502178, at *1 (6th Cir. Nov. 1, 2021) (affirming district court's dismissal of bankruptcy appeal for lack of jurisdiction because grant of partial summary judgment was nonfinal—even though it was silent as to prejudice, meaning it resolved those claims with prejudice). *But see In re Ritter Ranch Dev., L.L.C.*, 255 B.R. 760, 763 (B.A.P. 9th Cir. 2000) (holding that dismissing a claim "with prejudice" under Rule 54(b) is an appealable final order).

In sum, because the bankruptcy court's June 10, 2022 order did not resolve the entire adversary proceeding, it is not a final order and is, therefore, not immediately appealable under 28 U.S.C. § 158(a)(1).[5] Thus, this Court does not have jurisdiction to consider the merits of the appeal, and the appeal will be dismissed.

---

[4] The Supreme Court in *Ritzen Group* held that "a bankruptcy court's order unreservedly denying relief form the automatic stay constitutes a final, immediately appealable order under § 158(a)." *Ritzen Grp, Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020). Importantly, a motion for relief from an automatic stay is a *discrete dispute* initiated within a bankruptcy case. *See* FED. R. BANKR. P. 4001(a)(1). An adversary proceeding is a different type of discrete dispute initiated within a bankruptcy case. *See* FED. R. BANKR. P. 7001.

[5] Although the bankruptcy court's June 10, 2022 order is not a final order, it might be subject to appellate review once a final order terminating the proceeding is issued. *See In re Blasingame,* 598 B.R. 864, 868 (B.A.P. 6th Cir. 2019).

- 5 -

## IV.

Accordingly, it is **ORDERED** that Appellee's Motion to Dismiss, ECF No. 4, is **GRANTED**.

Further, it is **ORDERED** that Appellant's Appeal is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the case**.


Dated: September 30, 2022                    s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge